CRICHTON, J.,
additionally concurring.
Daniel Blank confessed he murdered 71-year-old Lillian Philippe in 1997. He bludgeoned and stabbed her to death in her home in Gonzalez. He also confessed he killed Joan Brock, 58, of LaPlace; Barbara Bourgeois, 58, of Paulina; Victor Rossi, 41, of St, Amant; and Sara Arcuri 76, and his . wife, Louella, 69, of LaPlace. He also, beat and shot, Leonce Millet Jr. and .his wife, Joyce, both 66, of Gonzales, and both of whom survived. For the most part, he attributed his murderous rampage through the River Parishes to his gambling addiction. Although Blank’s confession is much maligned by post-conviction counsel, it contains details that were not publicly released and would only have been known by the murderer. -
During the penalty phase in his trial for the first degree murder of Ms. Philippe, the defense depicted Blank as a man with developmental disabilities, delusions, and abnormal.brain functioning, who nonetheless was-a good father and compassionate person. According to defendant’s relatives, who pleaded for mercy on his behalf, they were a close-knit and happy family. Post-conviction counsel, however, presents an entirely different version of Daniel Blank.' This new version 1 gof Daniel Blank is alleged to have been subjected to near-starvation as a result of poverty as well as incestuous abuse, which post-conviction counsel claims was endemic in his family. Post-conviction counsel claims trial counsel was ineffective for hot presenting this version of Daniel Blank, which counsel argues would surely have found one sympathetic juror in the penalty phase. This approach epitomizes the unfortunate trend of turning capital post-conviction proceedings into a second penalty phase: when the reasonable strategy chosen by counsel-in the original penalty phase does not succeed. Providing a second penalty phase, however, is not the purpose of collateral review, is completely contrary to the law,- and represents an extraordinary drain on the limited resources available for indigent defense with negative repercussions that ripple through the entire criminal justice system.
Daniel . Blank cannot show he suffered “actual.prejudice”, see State v. Hamilton, 92-2639, p. 6 (La.7/1/97), 699 So.2d 29, 32, by the strategic choice of counsel at the original penalty phase to try to depict him in a sympathetic light as a damaged but decent man whose family pleaded for mercy on his behalf, . He confessed to multiple brutal murders and gave robbery as a motive. Jurors were aware of his cognitive deficiencies. “Even if a Petitioner shows that counsel’s performance was deficient; [ ] he must also show prejudice,” that is he must show “a reasonable probability that but for counsel’s unprofessional errors, the result ... would have been different.” Williams v. Taylor, 529 U.S. 362, 394, 120 S.Ct. 1495, 1513-14, 146 L.Ed.2d 389 (2000) (citing Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984)). Here, I concur fully in the decision to deny the application but write separately to emphasize that, in light' of Blank’s confession and the nature and number of offenses he committed, I believe there is ‘no reasonable probability that the outcome of the penalty phase would have been different regardless of which of these two versions of Daniel | ¡¡Blank was presented to the jurors. Therefore, there is no reason to remand to further address' this claim, which'would servé only to continue the drain of re *107 sources that are badly needed for indigent defense.